In the Matter of RICHARD J. ALFIERI (Admitted as RICHARD JOSEPH ALFIERI), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 31, 1988

#### APPEARANCES OF COUNSEL

*Robert H. Straus* for petitioner.

*Martin David Tropper* for respondent.

#### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on June 16, 1965, under the name Richard Joseph Alfieri. By order of this court dated December 30, 1986, the

respondent was suspended from the practice of law until further order of this court.

The first charge of the petition alleged that respondent was convicted of "serious crime[s]" within the meaning of 22 NYCRR 691.7, in that, on September 27, 1982, he pleaded guilty in the United States District Court for the Southern District of Florida to conspiracy to evade and conceal true and correct taxable income from the Internal Revenue Service in violation of 18 USC § 371 and failure to file a currency transaction report with the Internal Revenue Service in violation of 31 USC former §§ 1081, 1082 and 1059 and 18 USC § 2. The respondent was sentenced to two concurrent four-year terms of imprisonment and fined $100,000.

The second charge alleged that the respondent engaged in conduct involving deceit and misrepresentation prejudicial to the administration of justice adversely reflecting on his fitness to practice law, in that the respondent failed to inform this court of the Federal felony convictions as required by Judiciary Law § 90 (4) (c).

The petitioner moves to confirm the report of the Special Referee which sustained in full the charges of professional misconduct, and the respondent has submitted an affirmation and exhibits in response to the motion.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent at the hearing of this matter and in his affirmation and exhibits. Nevertheless, the respondent is adjudged guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred, and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.